CASE 98.—ACTION BY WILLIAM ROBINSON AGAINST THE
          CHESAPEAKE & OHIO RAILROAD CO—December
          17, 1909.

## Chesapeake & Ohio R. R. Co. v. Robinson

Appeal from Floyd Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1.  Carriers—Injury to Passenger—Contributory Negligence—
    Question for Jury.—It is not negligence per se for a passenger
    to alight from a moving train.
2.  Carriers—Injury to Passenger—Contributory Negligence—
    —Question for Jury.—In an action for injuries to a passenger
    while alighting from a moving train at his station, evidence held to require the submission to the jury of the issue
    whether he exercised reasonable care in alighting, though the
    station was not announced.
3.  Carriers—Carriage of Passengers—Announcement of Station.
    While a carrier must, as required by Ky. St. Sec. 784 (Russell's St. Sec. 5333), announce the station, it need not insure
    that a passenger hear it, provided the announcement is made
    in such a manner that the persons in the car having ordinary
    hearing and paying ordinary attention will hear it.
4.  Carriers—Injury to Passenger—Stopping Train at Station.—
    A carrier must stop its train at the stations a reasonable time
    for passengers to alight.
5.  Carriers—Carriage of Passengers—Lighting Depot Platforms.
    —A carrier must have its depot platforms lighted so as to
    be reasonably safe for persons to board and alight from
    trains, but, where the trainmen are on the platform with
    their lanterns to furnish  passengers light during the time
    the train stops, the carrier is not liable because they do not
    remain on the platform after the train starts.
6.  Carriers—Injury to Passenger——Setting Down Passengers
    —Allowing Time to Alight.—Where a carrier failed to announce a station as required by Ky. St. Sec. 784 (Russell's
    St. Sec. 5333), or failed to light its depot platform so as to
    afford a passenger a reasonably safe place to alight, and the
    passenger by reason of the failure to announce the station

was delayed in alighting from the train; so that, when he undertook to alight, the train started suddenly when he was stepping from it, and he was injured, the carrier was liable; but, where the carrier called the station and stopped the train a reasonable time for passengers to alight, and the passenger failed to alight during that time and until after the train started it was not liable.

7.  Carriers Injury to Passenger—Care Required of Passenger.—Though a carrier is negligent in failing to announce the station or to have its depot platform lighted, a passenger must exercise such care as a person of ordinary prudence would under similar circumstances usually exercise, and where he fails to do so and is injured, he cannot recover.

WALTER S. HARKINS, WORTHINGTON, COCHRAN & BROWNING, F. D. WALLACE and JOSEPH D. HARKINS for appellant.

MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

William Robinson was a passenger on a train of the Chesapeake & Ohio Railroad Company from Catlettsburg to Prestonsburg. In getting off the train at Prestonsburg, he fell upon the platform as the train was pulling out, and his foot was caught under the wheel and crushed. He brought this action to recover for his injury, and a judgment having been rendered in his favor upon a verdict of the jury, assessing the damages at $1,500, the railway company appeals.

The train reached Prestonsburg about 8 p. m. It was a dark rainy evening. The testimony of Robinson is to the effect that no notice was given of the arrival of the train at the station, and that, while the train was standing there, he learned that it was at Prestonsburg, and immediately got up and went out to get off; that, as he was getting off, the train gave a jerk which caused him to fall and his foot was caught and injured. He also testified that there was no

light on the platform, that it was dark, and there was only a light in the station window. The testimony for the railroad company was, in effect, that the station was properly called out; that there were some 20 odd passengers for that station who got off when the train stopped; that the train stood there from 5 to 7 minutes; and, after the passengers had all gotten off, the conductor went to the baggage car to look after the unloading of some baggage, and, when it was off, ordered the train forward; that after the train had started, Robinson and his companion, Sizemore, came out on the platform without the knowledge of the conductor or any of the trainmen. As to what then occurred one of the witnesses for the railroad company whose testimony was supported by other witnesses for the defense testified as follows: "While standing on the rear end of my coach, I observed two men coming forward from the coach behind, and, on approaching the front end of their coach, one argued that it was the town of Prestonsburg, and the other claimed it wasn't, and at the same time the one that claimed it was Prestonsburg said: 'I am going to get off.' Q. Then what happened? A. By that time the train had started to move very slowly, and one of the men went down the steps and jumped off backwards. He fell and rolled on the platform of the station. I leaned forward, and saw some one pull him away from the train. Q. What did the other man do? A. He started down the steps immediately after the first man had jumped, and also jumped off backward. He rolled along the platform of the station, and his legs extended over the track." The first man who jumped off was Sizemore, and he escaped without injury. Robinson was the second man who jumped off after Sizemore. The defendant's testimony also showed that Robinson had two gallon jugs of whis-

ky, also a quart of whisky, and that he had taken four drinks as he came along on the train. He and Sizemore were more or less under the influence of whisky. On this evidence the court gave the jury the following instructions:

"(1)  If the jury believe and find from the evidence that the plaintiff, William Robinson, was a passenger aboard the defendant's train, and had paid for a first-class fare from Catlettsburg, Ky., to Prestonsburg, Ky., and that the defendant, Chesapeake & Ohio Railroad Company, by its agents, servants and employes in charge of the train, at the time of the injury complained of, failed to call Prestonsburg station in the car in which plaintiff was riding within a reasonable time before its arrival at Prestonsburg station, from which calling plaintiff was notified it was to stop, and if the jury further believe and find from the evidence that the defendant, Chesapeake & Ohio Railroad Company, failed and neglected to light its station grounds and platform in such a manner as to afford plaintiff reasonably safe means of alighting from the train, and departing therefrom, and that the plaintiff by reason of such failure or neglect to so call said station or light its station and platform, the plaintiff was delayed in getting off the train, and while attempting to get off the car started, thereby causing plaintiff to jump off the car, and in so doing was caught and injured as complained of, then you will find for the plaintiff such damages as you may believe from the evidence he had sustained, if any, not exceeding the sum claimed in the petition, $1,900.

"(2)  The court instructs the jury that if they should believe and find from the evidence that the plaintiff in attempting to alight from the train did so while the same was moving, and that in consequence

thereof he was thrown down and injured, the law is for the defendant, and the jury will find for it.''

It is manifest that the verdict of the jury is not warranted by the evidence under the instructions of the court; for the evidence leaves no doubt that the train was in motion before Sizemore jumped off, and Robinson's own testimony shows that he was jerked by the motion of the train, while he was yet standing on the platform of the car. It is earnestly insisted for the defendant that the court should have instructed the jury peremptorily to find for it. This would be correct under the evidence if the rule obtained in this state that it is per se negligenc in a passenger to step from a moving train, but this court has steadily refused to adopt this rule, holding that it is a question for the jury whether the passenger in getting off as he did exercised ordinary care; for in many cases when a train is apparently moving very slowly it may reasonably appear to a prudent person safe to step from it. In view of our previous decisions and the evidence that the station was not announced, we have reached the conclusion that under the scintilla rule this case should go to the jury on the question whether Robinson, if the station was not announced, exercised reasonable care in getting off as he did. It is true that Sizemore had fallen, but it may be he did not know this when he stepped off, or he may have thought that Sizemore's fall was due to some other cause than danger in getting off. L. & N. R. R. Co. v. Eakins, 103 Ky. 472, 45 S. W. 529, 46 S. W. 496, 47 S. W. 872; I. C. R. R. Co. v. Whittaker, 57 S. W. 465, 22 Ky. Law Rep. 395; I. C. R. R. Co. v. Glover, 71 S. W. 630; L. & N. R. R. Co. v. Arnold, 102 S. W. 322, 31 Ky. Law Rep. 414. The instructions of the court are erroneous, in that they required no sort of care on the part of the plaintiff.

Although the defendant was negligent, the plaintiff could not negligently jump off the train, and hold it responsible for his injury. The defendant was required to call the station in the car in which the plaintiff was riding; but it was not required to insure that the plaintiff heard the call. These words should have been omitted from the first instruction: "From which calling plaintiff was notified it was to stop." The plaintiff's injury was not due to a lack of light about the station grounds, and only the failure to light the platform should have been set out in the instruction. It was the duty of the railway company to announce the station and to stop the train a reasonable time for passengers to get off. It was also its duty to have its platform lighted so as to be reasonably safe for persons to get on and off the train while the train was at the station; but, when the trainmen were on the platform with their lanterns to furnish the passengers light to get off during the time the train stopped for this purpose, the company is not liable because they did not remain on the platform with their lanterns after the train started. The statute requires the station to be called in the car twice. Ky. St. Sec. 784 (Russell's St. Sec. 5333). There was no controversy as to Robinson's being a passenger on the train or as to his having paid his fare, or as to the fact that the train had stopped at the station from five to seven minutes before Robinson got off. In lieu of instruction 1, the court should have told the jury that if they believed from the evidence that the defendant's agents in charge of the train in question failed to announce twice Prestonsburg station in the car in which plaintiff was riding within a reasonable time before its arrival at that station, or that the defendant failed to light its platform in such a manner as to afford the passengers

a reasonably safe means of alighting from the train while the train stopped for that purpose, and that the plaintiff, by reason of such failure to announce the station, was delayed in geting off the train, and, when he undertook to get off, the train started suddenly as he was steppng from it, and he received the injury sued for by reason of the failure to announce the station or to have the platform lighted while the train stood at the platform for the purpose of receiving or letting off passengers, the jury should find for him the damages he thereby sustained unless they find as set out in No. 3. By another instruction the court, in lieu of instruction 2, should have told the jury that if the defendant called the station twice in the car in which plaintiff was riding as set out in No. 1, and stopped the train at Prestonsburg a reasonable time for passengers to alight therefrom, and the plaintiff failed to get off during this time and until after the train had started, he could not recover. By a third instruction the court should have told the jury that, although the defendant was negligent as set out in No. 1, still it was incumbent on the plaintiff to exercise such care for his own safety as a sober person of ordinary prudence, situated as he was, would usually exercise, under like circumstances, and that if he failed to do so, and but for this would not have been injured, the jury should find for the defendant. By a fourth instruction the court should have told the jury that the announcing of the station should be made in such a manner that the persons in the car having ordinary hearing and paying ordinary attention would hear it. These instructions with one defining the measure of damages cover the law of the case.

Judgment reversed and cause remanded for a new trial.