## Ayers & Lang v. Ward.

(Decided May 2, 1924.)

### Appeal from Johnson Circuit Court.

1. Railroads—Duty to Infant Riding on Train.—Persons engaged in mining and marketing coal from their mines, and operating a narrow-gauge railroad for the sole purpose of marketing, owed to infant riding on train duty to exercise only such care as is required of the owner of premises towards one on his premises, either by invitation or permission, and were not liable, in the absence of an intentional or affirmative act of negligence.

2. Negligence—Petition should Allege Violation of Duty.—It is not only essential that a petition should allege facts establishing a duty owed by the defendant to the party injured, but it must also charge a violation of that duty.

3. Railroads—Petition for Injuries to Infant Riding on Train Held Not to State Cause of Action.—A petition alleging that defend-

ants wrongfully permitted plaintiff's infant son to ride on train on their railroad, operated in connection with mine, and to perform services on it at the time he was injured, held insufficient and demurrable, in that it did not allege any intentional or affirmative act of negligence, or any negligence, or that he was not a mere volunteer, or that he could not appreciate the danger.

4.   Railroads—Allegation Boiler Gave Way Not Charge of Negligence as to One on Train.—Statement in petition that "engine or boiler gave way, causing an explosion," did not amount to a charge of negligence against defendants, who were operating a narrow-gauge railroad for the sole purpose of marketing the coal; the explosion causing injury to an infant on the train.

HOWES & HOWES for appellants.

F. P. BLAIR for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Reversing.

Appellants, H. S. Ayers and Walter E. Lang, partners doing business as Ayers & Lang, have filed a motion in this court for an appeal from a judgment awarding appellee, Mary Ward, damages in the sum of $300.00, which said damages she alleges she sustained by being deprived of the services of her infant son and by having to nurse and care for him as the result of injuries suffered by him while riding on a train belonging to appellants.

The grounds upon which this motion is based and upon which a reversal is sought are: First, failure of the court to sustain the demurrer to the petition, and second, refusal of the court to peremptorily instruct the jury to find for the defendants at the conclusion of plaintiff's evidence and again at the conclusion of all the evidence. Counsel for appellee has not favored us with a brief, and it is difficult to determine upon what theory this case was prosecuted. There is nothing in the record to indicate the court's reasons for overruling the demurrer to the petition. It should have been sustained. The petition, so far as material, is as follows:

"The plaintiff, Mary Ward, states that the defendants . . . was at all times hereinafter mentioned engaged in the business of mining and marketing coal from their mines, . . . and for the sole purpose of marketing coal, operated a narrow-gauge railroad from their mines as aforesaid to Offutt, Ky., on said narrow-gauge road.

"She says that she has a son by the name of Forest Ward who is under the age of 21 years; that on or about the 21st day of April, 1921, a train of defendant company was being operated by defendants' servants and conductor, Ed. Blevins, on said road as aforesaid, from Offutt to Two Mile, that on the aforesaid date on Greasy creek near Offutt, Ky., said servant and conductor, Ed. Blevins, while acting as conductor of said train and as agent and servant of defendants, wrongfully permitted Forest Ward to enter upon said train and ride and perform services on said train in loading coal on said train and to perform services in the capacity of loading coal on said train, which was dangerous and hazardous, and wrongfully permitted said infant to ride on said train with the engineer which was hazardous and dangerous. That the said servants and agents wrongfully and improperly allowed and permitted said Forest Ward to ride and perform service on said train; that such hazardous riding and service by said Forest Ward on said train was allowed, permitted and done without the knowledge or consent of plaintiff. That on the aforesaid date the engine or boiler on said train exploded or give way, causing an explosion of steam or hot water which scalded and burned the said Forest Ward on his body . . ."

It will readily be seen that it is nowhere alleged in the petition that defendants were operating a common carrier either of passengers or freight, nor are any facts alleged from which such an inference could be drawn. On the contrary, it is expressly stated that they were engaged in the business of mining and marketing coal *from their mines* and operated a narrow-gauge railroad *for the sole purpose of marketing coal.* They, therefore, owed to plaintiff's son only the duty to exercise such care as is required of the owner of premises towards one upon his premises either by invitation or permission. It has been repeatedly held by this court and it has long been the settled law of Kentucky that, in order to render the owner of premises liable under such circumstances, there must be an intentional or affirmative act of negligence. Laxton v. Wisconsin Steel Company, 179 Ky. 652; Indian Refining Company v. Mobley, 134 Ky. 822.

It is not only essential that a petition should allege facts establishing a duty owed by the defendant to the party injured, but it must also charge a violation of that duty. In the instant case the petition fails to meet these requirements. It not only does not allege any intentional or affirmative act of negligence on the part of the defendants, but it does not allege negligence of any character or degree. It is true it does state that plaintiff's son was wrongfully permitted to assist in loading the train and that this was dangerous, but there is no allegation that he did not, or could not know, by the exercise of ordinary care, of the danger; or that because of his tender years he could not appreciate the danger. It is not charged that those permitting him to work had either express or implied authority so to do, or to employ him at all, or that he was in fact employed. There was no emergency requiring immediate or additional assistance on the part of defendants' employees. At most he was a volunteer, and the defendants owed him no higher duty than that owed an invitee or licensee. Derrickson's Admr. v. Swann Day Lumber Company, 115 S. W. 191. As stated before, there is no allegation of negligence on the part of the defendants. The bare statement that the "engine or boiler gave way, causing an explosion" does not, under the state of facts set out in the petition, amount to a charge of negligence against the defendants. Branham's Admr. v. Buckley, 158 Ky. 848; Indian Refining Company v. Mobley, *supra.*

For these reasons it seems clear to us that the petition raises no issue and wholly fails to charge the defendants with a breach of any duty owed plaintiff's son, and it was, therefore, fatally defective and the demurrer should have been sustained. In view of our conclusion as to the action of the court in overruling the demurrer, it is unnecessary to discuss the remaining complaint. It is sufficient to say that plaintiff's evidence was confined solely to proof of the issues attempted to be raised in the petition, and having failed therein to state a cause of action, it necessarily follows that she did not prove one, and the defendants were entitled to a directed verdict.

We have carefully examined the record and find that the defects in the petition were not cured or aided in any particular either by the answer, the evidence, or the instructions of the court. The motion of appellants for an

appeal is sustained, the appeal is granted and the judgment reversed for proceedings consistent with this opinion.

Judgment reversed.