### Louisville & Nashville Railroad Company v. Pigg.

(Decided October 24, 1924.)

#### Appeal from Lee Circuit Court.

1. Carriers—Measure of Damages, where Passenger Carried Beyond Destination, Stated.—Where passenger is carried beyond her destination, damages recoverable are limited to compensation for loss of time and expenses incurred by delay, unless contract is broken in such manner as to constitute tort, in which case damages are recoverable as in cases of tort.

2. Carriers—Woman Carried Beyond Station and Injured Because of Walk Back Held Not Entitled to Recover Except Damages for Loss of Time and Expenses.—Where a married woman was negligently carried beyond her station, but voluntarily got off at next station six miles away, held that there was no tortious breach of contract by carrier, and she could recover only compensation for loss of time and expenses incurred by delay, and was

not entitled to damages for injuries occasioned by her walk back, though conductor "did not offer to take care" of her..

WOODWARD & WARFIELD, ROSE & STAMPER and HUNT, NORTHCUTT & BUSH for appellant.

J. M. McDANIEL, J. F. SUTTON and F. P. CALDWELL for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In October, 1920, the appellee, a married woman 24 years of age, was carried past her destination, Heidelberg, and left the train six miles beyond, at Beattyville, the county seat of the county in which she resided. It was then dark, cold and between three and four o'clock in the morning, and although she was sick and thinly clad, she walked back to Heidelberg and three miles out in the country to her home.

Alleging negligence of defendant's employees in failing to call her station as required by law, she instituted this action for damages, and having recovered a judgment for $2,500.00, the defendant appeals.

It is conceded that upon the question of negligence in carrying her past her destination the proof was such as to require the submission of the case to the jury, and the real question in controversy is whether, as the instructions permitted and the jury allowed, plaintiff was entitled to recover for injuries resulting from her nine mile walk to her home.

This court uniformly has held that since such an action as this is for breach of a contract, the damages recoverable are limited to compensation for loss of time and expenses incurred by the delay, unless the contract is broken in such manner as to constitute tort, and if so, that damages are recoverable as in cases of tort. The authorities upon the subject are exhaustively reviewed and the question so lucidly treated and conclusively settled in the case of L. & N. R. & L. Co. v. Comley, 169 Ky. 11, 183 S. W. 207, that we need only consider the proof to determine whether this breach of contract was tortious.

That it contains no element of tort is perfectly apparent from plaintiff's admissions that she got off of the train at Beattyville voluntarily, and that the conductor neither did nor said anything to her out of the way, "only he did not offer to take care of me."

The single fact relied upon then as tort is the failure of defendant's agent in charge of the train to offer to take care of plaintiff after she voluntarily left the train, which of course presupposes a duty so to do.

In distinguishing Comley's case *supra* from L. & N. R. Co. v. Spurling, 160 Ky. 819, 170 S. W. 192, and many like cases there cited, and in stating the circumstances in which such duty will or will not arise, the court said:

"Taking the Spurling case as an example of the principle announced in these cases, the essential difference between the Spurling case and the case we have is that in the Spurling case there was no element of tort; the passenger was put off in a depot, in a large city, where she could be and was safe, comfortable and well taken care of, and where, as said, she had the alternatives presented to her of waiting until the road was open, or returning to Princeton or Louisville and proceeding on her journey to her destination over another route, or returning to her home; while the appellee was put off at the outskirts of a large city, in the middle of a bad night, at a point where there was no depot or other accommodations for her safety, protection or comfort, and she had no alternative except to make her way as best she could to the central part of the city, some three miles distant.

"If, when the car reached the outskirts of the city, the company had furnished appellee with transportation to the terminal station, or had found her a safe, comfortable place, convenient to the point where she was put off, at which she could have stayed during the night, or there was such a place nearby at which she could have found such accommodation by using reasonable efforts, then we would have a case like the Spurling case and like the Raine case."

That this case is like the Spurling case and totally unlike the Comley case is at once apparent. Plaintiff, as already stated, was 24 years of age; she left the train voluntarily and without improper treatment, at the company's depot at Beattyville, which was both light and warm; there was a hotel within 50 feet of the depot and several others near by at which presumably she could have found safe and comfortable accommodations for the night by using reasonable efforts. Her only excuse for

not doing so is, that she was sick, confused and scared, and that her only thought was to get home as quickly as possible. She admits that she did not make any effort or ask the conductor or station agent to assist her to find a place to stay in Beattyville until the arrival of a train that would have taken her back to Heidelberg, due in about five or six hours.

There was, therefore, no element of tort or any ground for submitting to the jury the question of whether or not she exercised ordinary care in making the trip to her home afoot, in the nighttime, without a wrap and when she was already sick.

The cases cited in support of the contrary position were decided prior to the Comley case *supra,* and some of them are cited therein. None of them is on facts like these, however, and the only one to which we need refer is C. & O. Ry. Co. v. Lynch, 28 Ky. L. R. 467, 89 S. W. 517, which evidently was relied upon by counsel for plaintiff in practicing the case and by the court in instructing the jury. It was there held proper to submit to the jury the question of whether or not a schoolgirl 15 years of age exercised such care as might reasonably be expected of one of her sex and age, and situated as she was, in walking three miles to her home when put off of the train at a small place in the nighttime, where there was neither hotel nor station at which she might have stayed, instead of going to the nearby home of a bachelor relative and remaining there until the next day.

Disregarding other differentiating facts, the difference in age alone of the complainants is sufficient to render the doctrine of that case inapplicable here on the question of ordinary care upon the part of plaintiff.

Recurring to the contention that it was the duty of the conductor to care for plaintiff after she had been safely discharged from the train at the company's depot at the county seat of her residence, and where, if she had exercised any degree of care for her own safety and comfort, she might have avoided the injuries she claims, there is no possible basis upon which to rest such a duty, unless it be the testimony of plaintiff and her 17 year old brother who accompanied her that she told the conductor she was sick, unable to go home, and did not know what to do or even the direction of Heidelberg.

The cases relied upon to support this contention fall far short of doing so, since they deal only with the duty of trainmen to render assistance to enable a sick pas-

senger to alight safely, and do not touch the question here involved. Assuming that plaintiff said to the conductor what she and her brother say she did, but which he denies, to impose upon the defendant under such circumstances the duty of caring for an adult passenger would relieve her of the duty of exercising any care for her own safety without apparent necessity or reasonable grounds therefor.

Although she was sick, she was not helpless or incompetent. She was accompanied by her brother, who was able to render such physical assistance as she might need to reach a place of safety, though obviously from her walk such assistance was not required, and the fact that she was not well, confused, and scared did not relieve her of the duty of exercising such care for her own safety as ordinarily prudent persons would have exercised under like circumstances, and which clearly she did not exercise. Nor did it impose upon the conductor the duty of taking care of her, or as we have seen, any duty but to discharge her at a place where, exercising ordinary care, she would have been safe, and unquestionably he did this.

An adult put down at a safe place can not, in the exercise of his own right to decide for himself where he will go and what he will do, avoid the consequences of a voluntary decision to leave the place of safety. If he elects so to do, the risks incurred are the proximate result of his own choice, and only remotely attributable to the breach of carriage contract.

We therefore conclude that the court erred in not limiting the plaintiff's damages to compensation for loss of time and expenses occasioned by the delay in reaching her destination, which renders unnecessary a consideration of other questions discussed in the briefs.

Wherefore the judgment is reversed, and the cause remanded for proceedings consistent herewith.