## Crider et al. v. Melvin.

(Decided October 14, 1930.)

W. H. HESTER for appellants.

R. O. HESTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On June 24, 1909, Nannie Crider was adjudged of unsound mind by inquest held in the Graves circuit court,

but no committee was appointed to take charge of her property. She was confined in the asylum at Hopkinsville for a few months and then discharged. In a proceeding held in the Graves county court on October 24, 1910, she was adjudged of sound mind and capable of managing her own property. On March 18, 1913, Nannie Crider purchased from W. I. Melvin a house and lot in Mayfield, for which she executed three notes: Two for $1,000 each, and the other $500, to secure which a vendor's lien was retained in the deed. To further secure these notes and another note for $654.70 she mortgaged to Melvin her 80-acre farm located in Graves county. The $654.70 debt was a renewal of, and a balance due on, a note executed to S. R. Douthitt on August 12, 1904, and secured by a mortgage on the 80-acre tract and assigned to Melvin. On October 6, 1914, Melvin brought suit against Nannie Crider and her husband, J. A. Crider, to collect the four notes, and to enforce his lien on the house and lot and the 80-acre tract of land. To that suit Nannie Crider filed her answer and counterclaim pleading the following facts: She was adjudged of unsound mind in the Graves circuit court on June 24, 1909. At the time of the transaction with Melvin her mind was not right, and she was not mentally or physically competent to make the trade. Melvin took advantage of and overreached her, and she thought she was only executing the mortgage to secure the $654.70 note. She asked that the transaction be set aside, and that the three notes executed for the town lot be canceled, and tendered a deed reconveying the house and lot to Melvin. On March 16, 1915, judgment was rendered canceling the notes, directing that the deed tendered by Nannie Crider and her husband be delivered to Melvin, and that Melvin recover the sum of $1,075, which sum represented the balance due on the $654.70 note together with interest, and a small allowance for rent during the time the house in Mayfield was occupied by Nannie Crider. To secure said sum of $1,075 Melvin was adjudged a lien on the 80-acre tract of land, and the land was ordered sold. On June 18, 1915, Nannie Crider and her children brought suit against W. I. Melvin and L. B. Anderson, master commissioner of the Graves circuit court, to enjoin the sale. After pleading the same facts contained in the answer and counterclaim to the original action she alleged that Melvin defrauded her in obtaining her sig-

nature to the note for $654.70; that there was no consideration for a large portion of said note, that the note contained usury and compound interest, and to that extent was void; that the judgment was rendered without her consent; that the attorney employed by her husband to represent her entered into the compromise in direct violation of her instructions. She asked that the judgment for $1,075 be set aside, and purged of all usury and illegal items, and that a temporary restraining order be granted and the master commissioner enjoined from making the sale until the judgment was corrected by the court. A demurrer was interposed to the petition, and the petition was dismissed on November 24, 1915. From that judgment no appeal was ever prosecuted. Thereafter the land was sold and purchased by B. E. Allen for $1,910. Out of this sum Melvin was paid his debt and costs. Allen afterwards sold to T. J. Sutherland. On November 18, 1917, Nannie Crider brought suit against Sutherland to recover the land, relying upon mental incapacity and the invalidity of the judgment of sale. Sutherland's demurrer to the petition was sustained, and the petition was dismissed. On appeal the judgment was affirmed. Crider v. Sutherland, 186 Ky. 7, 216 S. W. 57.

On June 7, 1929, Nannie Crider, suing by her next friend, James Elliott, brought this action against Melvin to recover the $1,075 for which he obtained judgment in the original action, and the further sum of $200 a year, the reasonable rental value of the 80-acre tract of land. In addition to a general denial of the allegations of the petition, Melvin pleaded limitation and res judicata. The demurrer interposed to each paragraph of the answer was sustained, and, plaintiff having declined to plead further, the petition was dismissed. From that judgment this appeal is prosecuted.

Many interesting questions are discussed in briefs of counsel, but, in view of our conclusion, only one question need be considered. In deciding whether a judgment on a demurrer is a bar to a subsequent action it is necessary to consider what was determined by the judgment. If the demurrer be sustained because the facts were defectively pleaded, or some essential allegation was omitted, the judgment on the demurrer is not a bar to a subsequent action on a petition which supplies the defects which were fatal to the petition in the first action; but if the facts are well pleaded in the first petition, the judg-

ment on the demurrer is in effect a decision upon the merits of those facts, and is a bar to another suit upon substantially the same facts. Coleman-Clark Grocery Co. et al. v. Covington Bros. & Co. 186 Ky. 736, 217 S. W. 889; West v. King, 163 Ky. 561, 174 S. W. 11; Randolph's Adm'r v. Snyder, 139 Ky. 159, 129 S. W. 562; Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240; Cassidy v. Young, 92 Ky. 227, 17 S. W. 485, 13 Ky. Law Rep. 512. We have carefully examined the petition in the action to enjoin the sale and do not find any basis for the conclusion that the demurrer was sustained because the facts were defectively pleaded, or some essential allegation was omitted. On the contrary, it is at once apparent that the demurrer was sustained because the facts, though well pleaded, did not constitute a cause of action. Not only so, but we have carefully compared the petition in that action with the petition in this action, and find that the allegations of each are substantially the same. That being true, there is no escape from the conclusion that the judgment sustaining the demurrer and dismissing the former action is a bar to the present action, which is based upon substantially the same facts. It follows that the demurrer to the plea of res judicata was properly overruled, and that the court did not err in dismissing the action on appellant's refusal to plead further.

Jungment affirmed.