## Strong v. Louisville & Nashville Railroad Company.

(Decided October 30, 1931.)

WILLIAMS & ALLEN for appellant.

ASHBY M. WARREN, C. S. LANDRUM and O. H. POLLARD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action by a passenger against a common carrier to recover damages for being carried beyond his destination was dismissed on demurrer to the petition, when the plaintiff declined to plead further. This appeal by the plaintiff presents the single and simple question whether the plaintiff's pleading stated facts constituting a good cause of action. The averments may be fully indicated without setting them out in full. Chester Strong, an infant 11 years of age, without experience as a traveler, purchased a ticket from the railroad company which entitled him to transportation from Whick to Jackson, in Breathitt county. It is alleged that the train arrived at Jackson in the night, and that it was the duty of the defendant to put the plaintiff off the train at that place. It is then averred that plaintiff did not know he had reached his destination and that "the defendant, its agents, servants and employees in charge of said train, negligently and carelessly, and in violation of its contract, failed to put him off the train, and negligently and carelessly and in violation of its agreement with him, carried him beyond his destination, and on to Ravenna, in Estill county," where he was unacquainted, and, being without funds, was compelled to wait in defendant's waiting room all night for a train to take him back to Jackson. It was alleged that, while waiting in defendant's waiting room, plaintiff went to sleep and fell from a seat and injured his legs. The plaintiff then repeated the general allegations of negligence and carelessness on the part of defendant, its agents and servants in charge of the train, in carrying him beyond his destination. By reason of that fact and the injuries received by him in falling from his seat, as alleged, he sought damages in the sum of $1,000.

It will be observed that no facts are alleged to explain how the misadventure occurred. It is argued by appellant that the general allegations of negligence were

sufficient, and amounted to an allegation of all the facts necessary to constitute a cause of action against a carrier for taking a passenger beyond his destination. In an action for physical injury inflicted by negligence, a general allegation is sufficient if it shows the extent of the injury and the manner of its infliction. Chiles v. Drake, 2 Metc. 146, 74 Am. Dec. 406; Davis v. Ohio Valley B. & T. Co., 127 Ky. 800, 106 S. W. 843, 32 Ky. Law Rep. 627, 15 L. R. A. (N. S.) 402; Lexington Ry. Co. v. Britton, 130 Ky. 676, 114 S. W. 295; W. A. Gaines & Co. v. Johnson, 133 Ky. 510, 105 S. W. 381, 32 Ky. Law Rep. 58; P. C., C. & St. L. Co. v. Schaub, 136 Ky. 652, 124 S. W. 885, 136 Am. St. Rep. 273; Monroe v. Standard Sanitary Mfg. Co., 141 Ky. 550, 133 S. W. 214. If an injured person has been struck and run over by a train and his pleading discloses that he was a trespasser on the track, a general allegation of the ultimate fact that the injury was caused by negligence includes the subsidiary facts necessary to constitute negligence in that situation, such as discovery of the danger in time to avert it and negligent failure to exercise ordinary care to that end. Murray v. C. & O. R. R. Co., 139 Ky. 383, 115 S. W. 821; L. & N. R. Co. v. Dalton (Ky.), 113 S. W. 842. But even in negligence cases a specific allegation of negligence is controlling, and, if it is defective in omitting essential averments, it is not helped out by a general allegation in the same pleading. Howard v. C. & O. Ry. Co., 90 S. W. 950, 28 Ky. Law Rep. 891; Fuller v. Ill. Cent. R. R. Co., 138 Ky. 42, 127 S. W. 501.

The present case cannot be brought within the purview of the principles enunciated by the authorities adduced. This action is contractual in character, and it is not possible to determine from the facts appearing in the petition how the carrier breached its contract. L. & N. R. Co. v. Pigg, 206 Ky. 470, 267 S. W. 549; L. & N. R. Co. v. Spurling, 160 Ky. 819, 170 S. W. 192, Ann. Cas. 1916A, 487; L. & N. R. Co. v. Comley, 169 Ky. 11, 183 S. W. 207. The carrier did not commit a breach of any duty to the plaintiff in failing to put him off the train, as no such duty was imposed upon it by law or by the contract alleged in the petition. If a carrier's servants fail to observe the requirements of the statute, it is liable for the consequences. The statute of this state requires the carrier to "cause to be announced twice within each passenger car of every passenger train, within a reasonable time before its arrival at a station

at which, from notice given, it is to stop,'' the name of such station. Ky. Stats., sec.. 784; C. & O. R. Co. v. Robinson 135 Ky. 850, 123 S. W. 308.

There is no allegation that the statute was not observed on the occasion in question. In an action based upon a contract, or which rests upon the violation of a statute, it is essential to a good pleading that facts be averred showing the existence of a duty imposed by the contract or by the statute, and a breach thereof: 49 Corpus Juris, sec. 152, p. 143; sec. 167, p. 151: Ayers & Lang v. Ward, 202 Ky. 837, 261 S. W. 612.

The allegations in the present petition shed no light on the actual occurrence, and the allegation to the effect that the carrier failed to put the passenger off the train is insufficient, in the absence of facts sufficient to impose such duty on the carrier.

An infant passenger is not entitled to any special attention from the carrier's agents in the absence of a contract to that end, or in the absence of facts from which it may be inferred that such a duty existed. Cain v. L. & N. R. Co., 84 S. W. 583, 27 Ky. Law Rep. 201; L. & N. R. Co. v. Jordan, 112 Ky. 473, 66 S. W. 27, 23 Ky. Law Rep. 1730; Ill. Cent. R. Co. v. Allen, 121 Ky. 138, 89 S. W. 150, 28 Ky. Law Rep. 108, 11 Ann. Cas. 970.

The primary purpose of a pleading is to advise the adverse party of the facts he will be required to meet, to furnish the court the proper criterion by which to determine the competency of evidence, and to provide a basis for the court to pronounce the appropriate judgment to constitute a bar to any further litigation upon the same cause of action. 49 C. J. sec. 1, p. 30; Hill v. Mendenhall, 21 Wall 453, 22 L. Ed. 616; Hunt v. Mutter, 238 Ky. 396, 38 S. W. (2d) 215.

The pleading in this case lacks allegations of injury to the plaintiff as a proximate consequence of his being carried beyond his destination. The injury from the fall was not a proximate result of the passenger being carried beyond his destination. L. & N. R. Co. v. Gaddie, 102 S. W. 817, 31 Ky. Law Rep. 502; L. & N. R. Co. v. Roney, 108 S. W. 343, 32 Ky. Law Rep. 1326; C., N. O. T. P. Ry. Co. v. Raine, 130 Ky. 454, 113 S. W. 495, 19 L. R. A. (N. S.) 753, 132 Am. St. Rep. 400.

It follows that the court did not err in sustaining the demurrer to the petition. The ruling, however, that

the petition was bad because of omitted allegations will not bar another action in which the facts necessary to constitute a cause of action are alleged. Robenson v. Yann, 224 Ky. 56, 5 S. W. (2d) 271; Pepper v. Donnelly, 87 Ky. 259, 8 S. W. 441, 10 Ky. Law Rep. 140; Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 11 L. R. A. 240, 12 Ky. Law Rep. 640; Coleman-Clark Gro. Co. v. Covington Bros. & Co., 186 Ky. 738, 217 S. W. 889; Crider v. Melvin, 235 Ky. 523, 31 S. W. (2d) 913; Hall v. Hall, 236 Ky. 42, 32 S. W. (2d) 536; Wood v. Wheat, 226 Ky. 762, 11 S. W. (2d) 916; King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053; Farmers' Bank of White Plains v. Bass, 218 Ky. 813, 292 S. W. 489; Towles v. Campbell, 215 Ky. 34, 284 S. W. 418.

The judgment is affirmed.