Opinion of the Court.
THIS is an action of covenant, on an unsealed writing sounding in damages. The record expresses a confession of judgment for a liquidated sum. The judgment was accordingly entered for that sum, with interest thereon until paid ; and the addition of interest is assigned for error. To remove this objection, by a certiorari, a copy of the confession has been brought up from the minute book of the court below, which shows that the confession, as it there stands, was for *203 interest on the sum liquidated by the confession ; and it is contended by the defendants in error, that this will sustain the judgment.
The judgment for interest, in such action, without? a confession thereof, is evidently erroneous, unless the certified copy of the minutes can cure the error. It is true, the entries upon the minute book may, in some cases, be made use of, to amend the record by, in the court below, in affirmance of the judgment, where clerical misprisons may have occurred; but it is equally true that the record may deviate from the minutes, and operate as as a corrective upon them. The minutes are taken by the clerk, to enable him to draw up the orders in form. After they are so drawn up, they are read, approved and signed in court ; of course, the verity of the order book is more to be trusted. If the minutes are wrongfully taken by the clerk, as they may be, and thereby a wrongful order is produced, it is the duty of the court to have the correction made, so as truly to detail what transpired before the court itself ; and in such case, the record may truly deviate, from the minutes, and the former is to be taken, in this court, as the act of the court itself ; and we can not permit the minutes here, to prevail over the record ; for thereby we should put all such corrections back to the original standing of the minutes. We would not be understood as deciding, whether the court below can or cannot amend this record by the minutes. Suffice it to say, that if the amendment does take place, it must be done in that court, and not in this. And as that court has not been applied to, or acted on that subject, we have no decision from it to revise on this point ; and it would seem too much like the exercise of original jurisdiction, which this court does not possess, to direct that court how to act, before it has acted at all. We must, therefore, take the record as it stands, from the orders ; and so taken, the judgment in this respect is erroneous.
The declaration was filed, and the writ issued against Robert J. Ward and James Johnson, as partners, by the name of Robert J. Ward and Co. At the first term, these two defendants appeared and pleaded in abatement, that Richard M. Johnson was a partner, and ought to have been sued. Afterwards, at the same term, an entry is made, that “James Johnson *204 came in his proper person, for himself and Robert J. Ward and Richard M. Johnson, and withdrew the plea, and acknowledged the plaintiffs’ action for three thousand and seven dollars, for himself and Robert J. Ward and Richard M. Johnson and the judgment then follows against all the three, and this is also assigned for error.
1 Dig. 248.
As the inferior court has admitted such a confession of judgment by James Johnson, for himself and the other two persons, we might be bound to presume in favor of the acts of that court, that he was properly authorised to make such confession, provided the law permitted such authority to be given ; and whether it could be so given, forms the main question in this cause. At common law, such authority might be given. It was usual, after a bond or note was drawn, to annex a warrant of attorney to the instrument, directed to some attorney by name, or generally to any attorney at law, authorising him to confess judgment for the amount of the note. Such writings, containing both the stipulations for payment and the warrant of attorney, were vulgarly called judgment bonds ; and thereupon any attorney at law, to whom it was directed, could, and was allowed to confess a judgment, without process or further notice to the obligor in the bond. To restrain this practice, and destroy the validity of such instruments, the legislature, in the seventh section of the act entitled “ an act to reduce into one the several acts for preventing vexatious suits, and regulating proceedings in civil cases,” 1 Litt. 491, provided, that “ all powers of attorney for confessing or suffering judgment to pass by default or otherwise, and all general releases of error, made or to be made by any person or persons whatsoever, in this common, wealth, before action brought, shall be, and are hereby declared to be absolutely null and void.” The rest of the section inflicts a penalty on any attorney who shall presume to appear under such power. This section is express, in prohibiting a letter of attorney to make a confession, and it would be presuming that the court below acted against law, to suppose that it indulged a confession under such power ; and if it did so render judgment, it could not be sustained. A difficulty, however, arises in the construction of this section, as it is somewhat equivocal, whether the words, “ before ac *205 tion brought,” which occur in the section, limit the prohibition to such powers as were made before suit brought, or only to the “ general releases of error ;” and it may be contended, if the former construction is to prevail, we ought to presume that a proper power was given, after suit brought, and that under it the court permitted the confession and rendered the judgment. However this may be, it is evident that this judgment, as to Richard M. Johnson, cannot be sustained. There was no declaration or writ against him ; nor does his name appear in the record, until it is, a short time before, introduced by the defendants’ plea in abatement. As to him, therefore, there was no action brought or suit pending, and no letter of attorney which he could give, under the act, would authorise such a confession or judgment; and the judgment against him is evidently erroneous. As to the case of Robert J. Ward, the action was brought against him, and the question is then presented, whether those warrants or letters of attorney, made before action brought only, or those both before and after, are invalidated by the statute. On this point, we conceive the former is the true construction. The mischief to be remedied, was the execution of such instruments, as, in their origin, carried with them an authority to confess a judgment. Those given to ter minate a controversy once commenced, were not part of the evil. Besides, after the words, “ before action brought,” the statute has introduced the words, “ made or to be made evidently intending to include, under the word “ made,” not only the execution of releases, but also the making of such powers as were described in the first clauses. Indulging the presumption of such power being produced, and that under it the confession was made, the judgment against Ward might be supported, as legal. But as this matter can be reduced to a certainty in the court below, without a resort to presumption, and as the judgment is joint, and must, for the reasons already assigned, be reversed, it is proper to remand the cause, for such proceedings as may be consistent with this opinion.
Judgment reversed with costs, and cause remanded accordingly.