## Baker v. McDonald, et al.

(Decided October 21, 1919.)

### Appeal from Lee Circuit Court.

1. Wills—Pleading.—An allegation in the petition that the plaintiff is the sole devisee does not necessarily mean that she takes all of the property of the testator but it must be construed to mean only such property as was devised by the will.

2. Pleading—Construction.—The averments of the petition must be construed strongest against the pleader.

3. Pleading—Cancellation of Instruments—Averments.—A petition in a suit to cancel a writing alleged to have been obtained through deceit and misrepresentation must aver that the misrepresentation was made for the purpose of deceiving and misleading the complainant and that he did rely upon said statement

and was misled and deceived by the statement, and the omission of an allegation showing that the complainant relied upon and was misled by the alleged false and fraudulent statement, renders the petition bad on demurrer.

4. Equity—Relief Against Written Contract.—A mere expression of opinion is not sufficient to warrant a court of equity in granting relief against a written contract even though the opinion prove unfounded or false in fact.

THEO. D. BLAKEY and HOBSON & HOBSON for appellant.

SAM HURST and E. B. ROSE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Three doctors living at Heidelburg, Lee county, entered into an arrangement in 1916, whereby they were to buy and sell oil leases, but as Dr. Baker was a notary public, he was to solicit and obtain the leases and instead of using his name as one of the grantees, he was to and did use the name of his wife, Laura Baker, who is appellant herein. Among the leases obtained was one from John Williams, on Big Sinking Creek, in that county, containing twenty acres. There was no development for oil or gas in that immediate neighborhood in 1916 or 1917.

About July, 1917, Dr. Baker was taken seriously ill and on October 13, he sold and transferred to appellee, Chester McDonald, his interest in the John Williams lease for the price of $30. Just what the lease had cost does not appear. Dr. Baker died about a month after the transfer of the lease to Chester McDonald.

This suit was instituted in January, 1919, by Mrs. Laura Baker, wife of Dr. Baker, as the sole devisee of Dr. Baker, to cancel the writing transferring the John Williams lease to Chester McDonald on the ground that the said transfer was obtained by fraud and misrepresentation on the part of Chester McDonald and his father, Dr. McDonald. The petition charges that Dr. McDonald, who was associated with Dr. Baker in the oil lease business, called upon Dr. Baker while he was sick and only a short time before the day of the transfer of the lease and "falsely and fraudulently represented to said Baker that the John Williams oil lease" was in bad shape as to its title and in other ways, and that they, the said Baker, McDonald and Gibson, would *probably* lose said lease entirely, and made to her said husband at said time, and prior and subsequent thereto, other

false and fraudulent representations as to the value of said lease, stating that it was almost worthless and of little value. She states that on the 13th of October, 1917, the defendant, Chester McDonald, called upon her husband at his home, where he was very ill, and fraudulently and falsely repeated to him the statement in regard to the John Williams lease which had previously been made to her said husband by the defendant, G. S. McDonald, and fraudulently and falsely stated to her said husband at said time that he and the defendants, Dr. McDonald and Dr. Gibson, would *likely* lose the said Williams lease; that said Chester McDonald then said to her husband, "I know that you need money; I will give you thirty dollars for your interest in the John Williams lease," and induced her said husband, C. E. Baker to accept the (thirty dollars) $30 for his interest in said lease." It was further alleged in the petition "that said defendants, Chester McDonald and G. S. McDonald, well knew at the time they made said statements and representations to her said husband, that they were false and said false statements were made for the fraudulent purpose of depriving the said C. E. Baker, of his interest in the valuable oil and gas lease, and both defendants knew at the time they made said statements that said Baker, McDonald and Gibson, had a good, valid and binding oil lease, properly executed, upon the John Williams land, and made said false representation to her said husband for the purpose of cheating and defrauding him; that they agreed and conspired and colluded together for the purpose of procuring his interest in said lease, knowing at the time it was very valuable and worth many times what said Chester McDonald paid her said husband for it; that the said G. S. McDonald and Chester McDonald made said false representations knowing at the time that said lease was very valuable."

To the original petition a general demurrer was filed and sustained, with leave to appellant to amend. An amendment was filed on May 27, alleging "that defendants, Chester McDonald and G. S. McDonald, are equally and jointly interested in the fraudulent writing sought to be cancelled herein and claim to be the joint owners of the interest of this defendant in said lease." Again, a demurrer was sustained to the petition as amended. In the meantime a motion to elect whether she would prosecute her alleged cause of action in her individual capacity or in her alleged representative ca-

pacity as executrix of the will of C. E. Baker, deceased, was made and sustained, and appellant, Laura Baker, under protest, filed a second amended petition, whereby she averred that she was prosecuting her action as sole devisee of C. E. Baker, deceased, and "elects to prosecute said cause as sole devisee of C. E. Baker, deceased."

A general demurrer was then sustained to the petition as amended and appellant declining to further plead, the petition and the two amendments were dismissed, and Mrs. Baker prosecutes this appeal.

Appellees insist that the averment in the petition of Mrs. Baker that she was and is the sole devisee of her husband, does not entitle her to maintain this action, because whatever right or property Dr. Baker had in the oil lease, which he attempted to transfer to Chester McDonald, was a chattel interest, and therefore passed to the personal representative on the death of Dr. Baker, and not to Mrs. Baker, as sole devisee under the will, or otherwise. The will is not made a part of the petition and its terms are not disclosed showing whether the whole or only a part of the property of Dr. Baker was devised to appellant, Laura Baker. The mere fact that she was sole devisee does not necessarily mean that Dr. Baker devised to her all of his property of every character and kind, including the oil lease in question. She may have been the sole devisee named in the will, but he may not have devised all of his property. The expression "sole devisee" may mean no more than that the testator named one person only in his will and gave that one a certain tract or parcel of land, withholding other real property not mentioned in the testamentary paper, which will descend to his heirs in accordance with the statute.

Very frequently this is all that the words could be held to mean, especially where there is undevised real property owned by the testator at the time the will is made. The petition must be construed strongest against the pleader, and so construed it is subject to demurrer.

While the courts of Pennsylvania, Ohio, Indiana, Kansas, and Oklahoma and other states, have held that an oil lease is a chattel real and passes to the personal representative on the death of the holder, this question seems not to have been determined by this court. If it be conceded that an oil lease is a chattel real and, therefore, passes to the personal representative and not to the heir, then the cause of action in this case did not

descend to appellant, Laura Baker, otherwise than as devisee, if at all, which does not appear, and the action could not be maintained except by the administrator of Dr. Baker. Brown v. Bucher, 120 Pa. 590.

The petition, however, is fatally defective in that a material allegation is wholly omitted. In order to recover for fraud or misrepresentation or to have an instrument, such as the one set forth in the petition in this case, cancelled for deceit or misrepresentation, it must appear that the statements and representations were (1) untrue; (2) the party making the representations knew or should have known them to be untrue, and were made by him to induce the other party to act or omit to act; (3) the party intended to be influenced believed and relied upon the representation and acted upon it; and (4) the false representation was about a material fact. The petition avers that the representation was untrue, and that appellees knew that it was untrue, but it fails to allege that Dr. Baker, the person intended to be influenced, believed or relied upon the representation or acted upon it. Although the false representation may have been knowingly made, yet if Dr. Baker did not believe, rely or act upon the representation, then he had no cause of action, and his devisee, heir, or personal representative would have no stronger case than Dr. Baker would have had if he had instituted the action during his lifetime. Without such allegation the petition was demurrable because appellant was in no better position than was her husband, Dr. Baker, with respect to the transaction. It will not be insisted that Dr. Baker could have maintained the action to have the writing cancelled and recover his interest in the oil lease without alleging the misrepresentation was knowingly made to him for the purpose of misleading and deceiving him and that it did mislead and deceive him.

It is also insisted by appellees that appellant's petition does not state a cause of action because the alleged false representation was in substance: "the said Baker, McDonald and Gibson would *probably* lose said lease entirely" and "would *'likely'* lose said Williams lease." No facts are alleged as to why they would lose the lease. This appears to us to be only an expression of an opinion by appellees, if they made such statement, as to the validity of the legal title of the partnership to the lease in question, and it was not a statement of an existing or past fact. It has often been written by this court and

other courts of last resort that a mere expression of opinion is not sufficient to sustain a cause for misrepresentation or deceit, and it has been further thoroughly established by courts throughout this country that an expression of opinion as to the legal status of a title, even though knowingly false, is not sufficient to sustain a cause when made by a layman or other person who does not pretend to have any special knowledge on the subject. As said in Newman on Pleading and Practice, sec. 325: "The misrepresentation must be of a matter of material fact as distinguished from opinion, at the time or previously existing, and not a mere promise for the future; must be relied on by the person whose action is intended to be influenced, and must be made with knowledge of its falsity, or under circumstances which do not justify a belief in its truth. These facts must be in substance averred."

From 20 Cyc., page 13, we take the following statement of the rule:

"The general rule is that to constitute actionable fraud it must appear: (1) That defendants made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury."

Again in the same text, at page 17, it is stated: "A statement which by reason either of its form or subject matter amounts merely to an expression of opinion is not actionable, for it is one upon which reliance cannot safely be placed."

In 12 R. C. L., page 131, it is stated:

"The rule that fraud cannot be predicated by mere expressions of opinion, or representations as to matters of estimate or judgment, is primarily based on the principle that the person to whom such statements are made has no right to rely upon them."

See also the following: Livermore v. Middlesborough Town Lands Co., 106 Ky. 163; Taylor v. Mullins, 151 Ky. 597; Bewley v. Moreman, 162 Ky. 32.

The mere statement of appellees, if they made such statement, that the partnership would *probably* lose the oil lease, or was *likely* to lose it, without conjoining therewith some statement of fact, was not such a mis-

representation, deceit or fraud as would have entitled Dr. Baker, in his lifetime to have maintained an action for the cancellation of the writing involved. Appellees had no special knowledge, so far as appears from the pleading, concerning the title to the lease which was not open, and available to Dr. Baker and appellant.

There is an allegation in the petition to the effect that "C. E. Baker, at said time on the 13th of October, 1917, was under the influence of morphine and other opiates administered by his physician to alleviate his suffering, and was in no condition mentally or physically to take a survey of his estate or transact any business whatever," which no doubt was intended to show that Dr. Baker at the time he made the contract, on October 13, was mentally incapable of understanding and appreciating or knowing the effect of the contract and writing which he was then entering into and which, if true, would have rendered the writing of no effect because there was no meeting of the minds. The language, however, of the petition above quoted, does not amount to an averment of mental incapacity sufficient to disqualify Dr. Baker to make a contract similar to the one in question.

The allegation that Dr. Baker was in no condition, mentally or physically, to take a survey of his estate or to transact business falls far short of an averment that he was mentally unable to make a rational survey of his estate or to understand and appreciate or know the effect and character of the contract into which he was entering. Accepting the allegations of the petition as true, Dr. Baker's mental condition may have been sufficient for the making of a contract and yet he may have been more or less under the influence of opiates and suffering pain; and it may have been inconvenient or detrimental to him physically and mentally to have been annoyed with the transaction, although possessing all the mental qualifications necessary for the making of a contract with reference to the land in controversy.

This petition not having stated a cause of action will not bar the right of the person entitled, to maintain a proper action. Burch v. Funk, 2 Met. 544.

For reasons indicated the judgment is affirmed.