## Farmers' Bank of White Plains, et al. v. Bass, et al.

(Decided March 15, 1927.)

### Appeal from Hopkins Circuit Court.

1. Contracts—Where Part of Contract is Void, Whole Contract Will Not be Set Aside Unless Good and Bad Parts Cannot be Separated Without Altering Its Purpose.—Where part of contract is void, general rule is that obnoxious feature will be eliminated if symmetry of contract as a whole is not impaired, but, if good and bad cannot be separated without altering general purpose of contract, whole contract will be set aside.

2. Indemnity—Stockholder's Bond to Indemnify Bank from Loss in Certain Litigation and Sale of Bonds Held Not Totally Invalid Because of Void Provision Containing Power of Attorney to Confess Judgment (Ky. Stats., Section 416).—Bond of indemnity, given bank by stockholder selling stock to indemnify bank from loss in certain litigation and on sale of certain bonds, held not totally

invalid because of provision containing power of attorney to con-fess judgment which was void under Ky. Stats., section 416, since objectionable clause may be stricken without affecting remainder of contract.

3.  Pleading—Petition Must Plead Facts, Not Conclusions.—Facts and not conclusions of law must be pleaded in petition.

4.  Pleading—Petition on Bond Indemnifying Bank Against Loss in Certain Litigation Alleging Loss "By Reason of Adverse Decision" Held Demurrable as Pleading Conclusion.—Petition on bond of indemnity against bank's loss in certain litigation, alleging loss to bank "by reason of adverse decision" therein, held demurrable as pleading conclusion of law, in absence of facts showing nature or purpose of suit or judgment rendered.

5.  Pleading—Petition on Bond Indemnifying Bank from Loss on Sale of Bonds, Alleging Loss "By Reason of the Sale of the Bonds," Held Demurrable as Pleading Conclusion.—Petition on bond of indemnity against bank's loss on sale of certain bonds, alleging loss "by reason of the sale of the bonds," held demurrable as pleading conclusion of law, in absence of showing of selling price and price at which bonds were carried on bank's books.

6.  Judgment—Judgment Dismissing Petition, Demurrable as Pleading Conclusions, Will Not Bar Another Action on Petition Containing Necessary Averments.—Where petition on bond of indemnity was demurrable as pleading conclusions of law, judgment dismissing such petition will not bar another action on petition supplying or containing necessary averments.

WILLIAM J. COX and JOHN L. GRAYOT for appellants.

C. J. WADDILL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

This action was brought by the Farmers' Bank of White Plains, the state banking commissioner and his special deputy, to recover the sum of $3,000.00 on a bond of indemnity executed by Claude Bass and Ruth Bass. A demurrer having been sustained to the petition, the petition was dismissed. Plaintiffs have appealed.

It appears from the petition that the Farmers' Bank of White Plains, which is a banking corporation orga-nized under the laws of the state of Kentucky, became insolvent, and on May 9, 1925, was placed in the hands of the state banking commissioner, who appointed J. B. Ramsey as special deputy banking commissioner to liqui-date its affairs. On July 7, 1924, Claude Bass and Ruth

Bass, his wife, executed and delivered to the Farmers Bank of White Plains, the following bond:

"Bond of Indemnity Guaranteeing Future Losses.

"Know all men by these presents, that we, Claude Bass and Ruth Bass, husband and wife, of White Plains, Hopkins county, Kentucky, are held and firmly bound unto the Farmers' Bank of White Plains, Hopkins county, Kentucky, in the penal sum of three thousand ($3,000.00) dollars, to be paid to the Farmers' Bank, its successors, administrators, or assigns; for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents.

"Sealed with our seals. Dated the 7th day of July, 1924.

"Whereas, the said Claude Bass and Ruth Bass are stockholders of the Farmers' Bank and the said Claude Bass for several years has been an officer of the Farmers' Bank, and whereas, the said Claude Bass and Ruth Bass are disposing of their stock in said bank, now be it known that certain bills receivable of the Farmers' Bank are in suit and there exists the probability of loss on same to the bank, and whereas, there is among the assets of the Farmers' Bank certain bonds the market value of which is less than the amount carried on the books of the bank, and whereas, certain bonds have been sold and will have to be repurchased at a loss, and to further indemnify and guarantee the bills receivable that were made or accepted prior to December 31, 1923, the said Claude Bass and Ruth Bass have agreed to save harmless and indemnify the Farmers' Bank, its successors, administrators, and assigns of and from all loss by reason thereof to the extent of three thousand dollars. Now the condition of the above obligation is such that if there is no loss on the suits mentioned herein now pending or suits to be held hereafter, and all bills receivable are paid in full with interest and costs, and if there should result no loss on bonds now owned, or pledged in any manner, bonds bought and sold, or accepted and sold to be repurchased, and if there results no loss on any bills receivable made or accepted prior to December 31, 1923 (renewals or extensions if now held or pledged counted as made

prior to 12-31-23), then this obligation to be void, or else to be and remain in full force by virtue.

"Any and all losses that may occur are to be reported to Claude Bass and are to be paid for and to the Farmers' Bank within thirty days after notice. And the said Claude Bass and Ruth Bass, for themselves, their heirs, executors, and administrators, hereby authorize any attorney of any court of record to confess judgment against them, their heirs, executors, administrators, in the above sum of three thousand dollars, with release of errors and waiver of all stay and exemption laws in force or hereafter to be passed.

"CLAUDE BASS.
"RUTH BASS."

In setting out the covenants and pleading their breach, the language of the petition is as follows:

"Plaintiffs now state and show to the court that the covenants in said bond of indemnity have been broken and that said Claude Bass has been duly notified of the losses sustained, which said bond was executed to cover, and the full amount named as the penal sum in such bond, namely, $3,000.00, is now due the plaintiffs, and they should recover of and from the said Claude Bass and Ruth Bass the full sum of $3,000.00. They say it was specifically agreed and stipulated in said bond that said Claude Bass and Ruth Bass were at the time of the execution of said bond disposing of their stock in said bank, and that said bills receivable of the Farmers' Bank are in suit, and there exists a probability of loss on same to the bank and that there was at such time among the assets of the plaintiff bank certain bonds, the true value of which is less than the amount carried on the books of the bank, and plaintiffs now stated and show to the court that in the litigation mentioned and in the suits stated which have been determined there was a loss to the said plaintiff bank by reason of adverse decision in one of such lawsuits more than the $3,000.00, and by reason of such loss and by reason of the execution of said bond the said Claude Bass and Ruth Bass are now indebted to the plaintiffs in the full sum of $3,000.00; that, in addition to such loss herein specifically mentioned and stated, the plaintiff bank has also sustained loss far in excess of

said $3,000.00 by reason of the sale of the bonds mentioned in said bond of indemnity, which were sold at their fair market price and at a sum far in excess of $3,000.00, less than the same had been carried upon the books of said Farmers' Bank, White Plains, Kentucky, at the date of said sale of stock by the defendants and at the date of the execution of said bond, and the plaintiffs made true and correct report of such losses to the defendant, Claude Bass, more than thirty days before the date of the commencement of this action, and that said Claude Bass and Ruth Bass have wholly failed to make good the covenants of said bond and are now justly indebted to the plaintiffs by reason of its execution and by reason of the losses herein mentioned and stated the full amount thereof.''

It will be observed that the bond concludes with the following language:

"And the said Claude Bass and Ruth Bass, for themselves, their heirs, executors, and administrators, hereby authorize any attorney of any court of record to confess judgment against them, their heirs, executors, administrators, in the above sum of three thousand dollars, with release of errors and waiver of all stay and exemption laws in force or hereafter to be passed.''

Under our statute and the uniform decisions of this court powers of attorney to confess judgment or to suffer judgment to pass by default, or otherwise, and every release of errors given before an action is instituted are void, section 416, Kentucky Statutes; Ward & Johnson v. Curcier, 1 Littell 202; O'Hara & Yancey v. Lannier, 1 B. Mon. 100; Ball v. Poor, 81 Ky. 26; and appellees insist that the above provision, which falls within the rule, renders the whole contract invalid. The general rule is that if the obnoxious feature of a contract can be eliminated without impairing its symmetry as a whole, the courts will be inclined to adopt this view as the one most likely to express the intention of the parties; but if the good and bad are so interwoven that they can not be separated without altering or destroying the general meaning and purpose of the contract, the good must go with the bad and the whole contract be set aside. Newport Rolling Mill Co. v. Hall, 147 Ky. 598, 144 S. W. 760.

In applying this rule it has been held that if there is a single promise based upon a single consideration, and both of them are void, the contract is wholly unenforceable, but where the consideration is valid, and several promises are based upon it, some of which are legal and others illegal, so that they may be separated, the legal ones will be enforced while the ones that are illegal will not, and the illegality of the latter will not prevent the enforcement of the former. Stratton v. Wilson, 170 Ky. 61, 185 S. W. 522. In the case under consideration there are two promises based upon a single consideration that is valid, one to indemnify, the other containing the power of attorney to confess judgment. The first is legal and the second illegal. As the main purpose of the bond was to provide indemnity, and the only purpose of the invalid provision was to provide a method for enforcing the bond, and this related solely to the remedy, we are constrained to the view that the contract is severable, and that the objectionable clause may be stricken without affecting the remainder of the contract. It follows that the petition was not demurrable because the bond contained the objectionable clause.

However, the demurrer was properly sustained on another ground. It is elementary that facts and not conclusions of law must be pleaded. Two items of loss are sought to be recovered. (1) A loss by adverse decision of one suit. (2) A loss by sale of the bonds mentioned in the bond of indemnity. As to the first item the language of the petition is: "There was a loss to the said bank by reason of adverse decision in one of such lawsuits more than $3,000.00." With respect to the second item the language of the petition is: "The plaintiff bank has also sustained a loss far in excess of said $3,000.00 by reason of the sale of the bonds mentioned in said bond of indemnity, which were sold at their fair market price and at a sum far in excess of $3,000.00 less than the same had been carried on the books of said Farmers' Bank." The petition does not state any facts showing the nature or purpose of the suit, or set out the judgment that was actually rendered. It does not set out the price at which the bonds were sold, or the price at which they were carried on the books of the bank. It is clear that the averments of loss are mere conclusions of the pleader and therefore insufficient. As the petition is not bad because the bond sued on was invalid, but is demurrable on the

sole ground that the facts were defectively pleaded, the judgment dismissing the petition will not bar another action on a petition supplying or containing the necessary averments. Birch v. Funk, 2 Metcalfe 544; Baker v. McDonald, 185 Ky. 470, 215 S. W. 292; Coleman-Clark Grocery Co. v. Covington Brothers, 186 Ky. 736, 217 S. W. 889.

Judgment affirmed.