## Boyd v. Wynn.

April 22, 1941.

B. M. Harwood for appellant.

Curtis & Curtis for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSION-
ER—Affirming.

A demurrer having been sustained to the petition,
appellant declined to plead further whereupon judgment
was entered dismissing his petition. The petition is in
words and figures as follows, towit:

"The plaintiff, Moody Boyd, says that the de-
fendant, Dr. Joseph J. Wynn, is a qualified and li-
censed oculist, of Louisville, Jefferson County, Ken-
tucky, and as such is subject to the Rules and Regu-
lations of the State Board of Health.

"That some time prior to October 15, 1938, the
sight of plaintiff's left eye became defective, and on
or about that date he consulted with the defendant

at his office in the Francis Building, and he at the time examined him and took the history of the plaintiff's trouble and prescribed a treatment for the said eye.

"That on December 8, 1938, the plaintiff sustained an accident which totally destroyed the sight of said left eye.

"That at the time of said accident he had a policy of insurance with the Independence Insurance Co. of Louisville, Ky., by the terms of which the said insurance company agreed to compensate him in a stipulated amount in the event he lost the sight of either eye by causes through any kind of an accident.

"That the said insurance company refused to pay the sum fixed in aforesaid policy of insurance, and this plaintiff instituted proceedings against it in the Quarterly Court of Jefferson County, Kentucky for collection of said stipulated amount.

"At the hearing had in this case on November 18, 1939, the defendant herein appeared as a witness for the said Independence Insurance Co., and notwithstanding the objection of the plaintiff, and in violation of the statutory inhibition against his testimony concerning the aforesaid examination, and the confidential relation then existing between him and the plaintiff, and in violation of the trust imposed in him by the plaintiff, the defendant testified to matters pertaining to the said physical examination of the plaintiff, and submitted documentary evidence of the course of treatment of the plaintiff by him.

"Plaintiff states that the information acquired as a result of the aforesaid examination by the defendant in his professional capacity was confidential and privileged at all times, and under all circumstances, and this plaintiff had not waived said privilege.

"Plaintiff states that by reason of the willful and wrongful violation of the confidence imposed by him in the defendant, the plaintiff has been subjected to embarrassment, and the loss of said action in the Jefferson Quarterly Court; that the general

circulation of the aforesaid confidential information initiated and put into effect by the defendant has caused the plaintiff herein to be unable to obtain employment at his trade as a cabinet-maker and carpenter, though he has made diligent efforts to do so.

"Plaintiff says that by reason of the willful, wrongful and unlawful acts of the defendant as above set forth, he has been damaged in the sum of Five Thousand Dollars.

"Wherefore, plaintiff prays for judgment against the defendant in the amount of Five Thousand Dollars as compensatory damages, and for the further sum of Five Thousand Dollars as punitive damages, for his costs herein expended, and for all other proper relief."

Appellant relies on Section 24 of Chapter 37 (p. 96) of the Acts of the General Assembly of 1910, now compiled as Section 2062a-24, Kentucky Statutes, as a basis of his right to recover. Appellee contends that Section 2062a-24 insofar as it purports to apply to matters or proceedings other than reports to the Bureau of Vital Statistics is not germane to the title of the act of which it is a part, and therefore is invalid because it contravenes Section 51 of the Constitution of Kentucky. He further insists that if in error in that contention, still no cause of action is stated in the petition because he was compelled by the court under penalty of contempt to give the testimony complained of. A proper consideration of the validity of the section of the statute in question requires an examination of the act of which the section is a part and the language of the section itself.

Section 51 of the Constitution reads:

"No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

The title to the act in question is:

"An Act to establish a Bureau of Vital Statistics and to provide for the immediate registration of

all births and deaths throughout the State of Kentucky by means of certificates of births and deaths, and burial or removal permits; requiring prompt returns to the Bureau of Vital Statistics, as required to be established by the State Board of Health; to provide for the reporting of morbidity statistics; and to insure the thorough organization and efficiency of the registration of vital statistics throughout the State, and providing certain penalties.''

Section 2062a-24 reads:

''For the purpose of this act, and all other matter, the confidential relations and communications between physician and patient are placed upon the same basis as those provided by law between attorney and client, and nothing in this shall be so construed as to require any such privileged communication to be disclosed.''

The only parts of the act, except Section 24, which attempt to regulate physicians are Sections 6, 7, 13, 14, and 16 and are compiled under Section 2062a of the Statutes as Subsections 6, 7, 13, 14, and 16. Section 6 relates solely to the duty of attending physicians to register births and deaths of stillborn children. Section 7, insofar as it relates to physicians, prescribes the form of, and data necessary to be furnished in, certificates of death. Section 13 prescribes the data necessary to be furnished in certificates of birth. Section 14 prescribes the form of the certificate of birth. Section 16 refers to requirements of physicians to register with the State Registrar of Vital Statistics. Section 24 plainly limits itself in its application to ''the purpose of this act,'' unless the words ''and all other matter'' be construed to extend it, and it is this construction that appellant seeks. If the interpretation contended for were given to the last quoted phrase, the subsection would be unlimited in its application; and, insofar as it attempts to regulate or control, in actions at law, the testimony of physicians concerning communications made to them by their patients, it would extend the import of the section beyond its scope as defined by the title, thus violating one of the provisions of Section 51 of the Constitution.

It is apparent therefore that the words ''and all other matter'' should be given no force or effect and

that Section 2062a-24 is applicable only to the transactions coming within the purview of the Bureau of Vital Statistics as set out in Sections 6, 7, 13, and 14 of the act.

Subsection 4 of Section 606 of the Civil Code of Practice provides that attorneys, clergymen, and priests shall not testify concerning communications made to them in their professional character by their clients or parishioners, as the case may be, except with the consent of such client or parishioner. But it is silent in respect to confidential communications between physician and patient and we have found no other section of the statute or code dealing with the question.

At common law neither the physician nor the patient could claim the privilege of refusing to disclose confidential communications between them in the course of the physician's attendance upon or treatment of the patient in a professional capacity. 28 R. C. L. 532; 70 C. J. 178, 179; Louisville & N. R. R. Co. v. Crockett's Adm'r, 232 Ky. 726, 24 S. W. (2d) 580.

Therefore, in view of our holding that Section 24 applies only to the specific provisions enumerated in Sections 6, 7, 13, and 14 of the act, and since no other provision of the Statutes touches upon the subject, it will be seen that the common law rule is still in force in this state in respect to privileged communications. Louisville & N. R. R. Co. v. Crockett's Adm'r, supra.

Even if appellant had been correct in his interpretation of Section 2062a-24, we are of the opinion that the demurrer should have been sustained for another reason, viz.: Timely objection was made to the testimony; the objection was overruled; and appellee was required by the court to testify to the matters complained of. Had he declined or refused to comply with the ruling of the court, he would have been in contempt and subject to the penalty provided in such instances. 12 Am. Jur. P. 399; Ketcham v. Commonwealth, 204 Ky. 168, 263 S. W. 725, 726. He therefore acted under compulsion and as directed by the court; and to hold one liable for his acts under those circumstances would be contrary to public policy. If we should hold to the contrary, witnesses in all cases would find themselves facing civil liability if they should answer a question objected to, and criminal liability if they should refuse. Thus an induce-

ment would be thrown out to the witness to swear falsely or at least to testify in a capitulatory, vague or indefinite manner; thus hiding the truth, hampering the court, and thwarting justice.

The petition is defective in another particular. It fails to state any fact in support of the conclusions expressed therein. It states that appellee testified to "matters" he learned in the course of examining and treating appellant, who, at the time, was his patient; but it fails to state what the "matters" were. There is no fact stated in the petition which would indicate the testimony complained of was not favorable to appellant and the mere conclusion of the latter that he had been "subjected to embarrassment, and the loss of said action in the Jefferson Quarterly Court; that the general circulation of the aforesaid information * * * has caused the plaintiff herein to be unable to obtain employment * * *," may have been without any basis in fact or reason. The petition must plead facts, not conclusions, to constitute a cause of action. Farmers' Bank of White Plains v. Bass, 218 Ky. 813, 292 S. W. 489.

Finally, while this is not an action for slander, it is not remiss to call attention to the rule in this jurisdiction to the effect that one testifying on a trial in a court of justice will not be held liable in the prosecution of a suit for slander for statements made in respect to the subject under inquiry. Siler v. Proctor Coal Co., 272 Ky. 477, 114 S. W. (2d) 749 and cases therein cited.

The judgment is accordingly affirmed.