**ASHLAND ARMCO EMPLOYEES CREDIT UNION William R. Mapother, Appellants,**

v.

**William T. CANTRELL, Jr., Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1984.

Discretionary Review Dismissed March 15, 1985.

William R. Mapother, Mapother & Mapother, Louisville, John O. Morgan, Lexington, for appellants.

Stephen Krumm, Northeast Ky. Legal Services, Ashland, for appellee.

Before CLAYTON, GUDGEL and Mc-DONALD, JJ.

CLAYTON, Judge.

Armco Employees Credit Union (Armco) appeals from an order vacating an agreed judgment for payment of a delinquent debt as being obtained in violation of KRS 372.-140(1). William Mapother also appeals from a separate order of the same circuit court fining him $1,000 as the statutory penalty under KRS 372.990 for violation of KRS 372.140(2).

The agreed judgment which is the subject of this appeal was received by the appellee, William Cantrell, on August 8, 1983. Prior to that date, Cantrell had been contacted by appellant Mapother's law firm regarding delinquent payment on a $5,300.00 promissory note Cantrell had executed with Armco in August of 1981. Following that initial contact, made by way of a letter requesting payment of the debt, a defendant's affidavit was forwarded by Mapother's firm to Cantrell on July 22, 1983. After having completed and returned the affidavit, Cantrell signed the agreed judgment and returned it to the law firm. By that agreed judgment Armco in part consented to relinquish its right to demand immediate payment of the full balance due, then $6,000.00, in exchange for Cantrell's promise to make monthly payments of $40.00. At the time Cantrell executed this agreement and the earlier affidavit, no legal action had been instituted against him by Armco.

On September 8, 1983, Mapother, acting on behalf of Armco, filed a complaint against Cantrell in Boyd Circuit Court.

The agreed judgment was subsequently submitted on September 12, 1983. Two days later, on the 15th of September, the trial court entered the agreed judgment. Cantrell then successfully filed a motion to vacate the agreed judgment as being in violation of KRS 372.140(1), providing that

Any power of attorney to confess judgment or to suffer judgment to pass by default or otherwise, any release of errors, given before an action is instituted, is void.

Cantrell further succeeded in moving the trial court to impose a statutory penalty against Mapother personally under KRS 372.990 which states that,

Any person who violates subsection (2) of KRS 372.140 shall forfeit one thousand dollars to the defendant, and shall be liable to damages at the suit of the party aggrieved.

In contrast to KRS 372.140(1), subsection two provides that "no person shall appear for a defendant under any such power [of attorney] in any court in this state." KRS 372.140(2).

Mapother and Armco now argue that the agreed judgment described above is not a power of attorney void under KRS 372.140; but is instead a proper judgment as set forth in KRS 454.090. We agree. The agreed judgment entered into between Armco and Cantrell is in essence a consent judgment, a private contract entered into between parties and sanctioned by order of court. It does not and cannot confer upon Mapother or Armco a power of attorney to subsequently confess judgment against Cantrell. In this respect, the agreed judgment is itself a judgment and nothing more. KRS 372.140 is intended to prevent cognovit clauses in contracts giving creditors the authority to, at some later date, confess a judgment against a debtor without giving him or her the opportunity to defend. *See Ward and Johnson v. Curcier*, 11 Ky. (1 Litt.) 202, 205 (1822). Given its purpose, KRS 372.140 cannot be said to apply to agreed judgments voluntarily and knowingly entered between parties and indeed it has been so held. *See All States*

*Investors, Inc. v. Bankers Bond 60*, 343 F.2d 618, 625 (6th Cir.1965).

The orders of the Boyd Circuit Court are reversed.

All concur.