**Mansour GUITY, Plaintiff–Appellant,**

v.

**Dr. John KANDILAKIS, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 13, 1991.

Rehearing Denied Aug. 30, 1991.

Permission to Appeal Denied by Supreme Court Dec. 30, 1991.

Dorothy B. Stulberg, Mostoller & Stulberg, Oak Ridge, for plaintiff-appellant.

Robert H. Watson, Jr., and John C. Duffy, Watson, Hollow & Reeves, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

Plaintiff sued "the Defendant, Dr. John Kandilakis, a clinical psychologist, for breach of the duty not to disclose privileged communications." The trial judge granted summary judgment on the principal ground that a breach of the statutory privilege is not actionable. We affirm on other grounds.

Plaintiff and his former wife had participated in marital counseling for over a year with defendant. Although both parties had individual sessions with defendant, most of the sessions included both parties. In the course of the Guity's divorce litigation, the wife called defendant as a witness and plaintiff's attorney interposed an objection to defendant's testimony on the grounds of privilege. The trial judge instructed defendant to testify only about joint sessions since the wife was present and, in the course of his testimony, defendant declined to answer some questions when he could not recall whether they might have been addressed in the individual sessions.

The wife was awarded a divorce and no appeal was taken. This action was then filed alleging tortious disclosure of confidential information and breach of implied contract. The evidentiary ruling in the divorce action was erroneous. The presence of the spouse did not constitute a waiver of the privilege. While *Ellis v. Ellis*, 63 Tenn.App. 361, 472 S.W.2d 741 (1971) involved the psychiatric privilege, which is statutorily different, the rationale applies. The *Ellis* court reasoned while the statute on marital privilege exempts disclosure of confidences in a divorce action,[1] the psychiatric-patient privilege statute does not. The *Ellis* court held only the spouses, not the psychiatrist who engaged them in joint counseling, could testify about matters arising in the joint counseling.

In *Quarles v. Sutherland*, 215 Tenn. 651, 389 S.W.2d 249 (1965), the Supreme Court dismissed a claim against a medical doctor for breach of confidential information, noting that where the privilege exists it was solely evidentiary. In *dicta*, the *Quarles* court observed that one

---

1. T.C.A. § 24-1-201. *Parties as witnesses—Husband and wife—*In all civil actions, no person shall be incompetent to testify because he is a party to, or interested in, the issue tried, or because of the disabilities of coverture, but all persons, including husband and wife, shall be competent witnesses, though neither husband nor wife shall testify as to any matter that occurred between them by virtue of or in consequence of the marital relation; *save in action for divorce brought by either spouse, when the parties or either of them shall be at liberty to testify to all matters occurring between them by virtue of the marital relation.* [Emphasis supplied.]

way of bringing such a suit would be on a theory of implied contract. *Id.*, 389 S.W.2d at 252.

Assuming, *arguendo*, a breach of the statutory duty is actionable, where such cause of action has been recognized, there have invariably been extra judicial disclosures of confidential information. *See e.g., Horne v. Patton,* 291 Ala. 701, 287 So.2d 824 (1973); *MacDonald v. Clinger, M.D.,* 84 A.D.2d 482, 446 N.Y.S.2d 801 (1982); *Schaffer v. Spicer,* 88 S.D. 36, 215 N.W.2d 134 (1974); *Berry v. Moench,* 8 Utah 2d 191, 331 P.2d 814 (1958).

In this case, defendant is immune from suit. In *Boyd v. Wynn,* 286 Ky. 173, 150 S.W.2d 648 (1941), Kentucky had a doctor-patient privilege statute almost identical to the statutory privilege in this case. When the doctor testified against his patient in an insurance case, the patient sued for breach of the confidential relationship. The court observed in language applicable to this case, which we adopt:

> [T]imely objection was made to the testimony; the objection was overruled; and [the doctor] was required by the court to testify to the matters complained of. Had he declined ... he would have been in contempt.... He therefore acted under compulsion and as directed by the court; and to hold one liable for his acts under those circumstances would be contrary to public policy.

150 S.W.2d, at 650.

Accordingly, we affirm the judgment of the trial court at appellant's cost and remand.

GODDARD and McMURRAY, JJ., concur.