**Marcus Gene ARNETT, Appellant,**

v.

**Alexander BASKOUS, Appellee.**

**No. S–5277.**

Supreme Court of Alaska.

July 30, 1993.

Marcus Gene Arnett, pro se.

David F. Leonard, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before MOORE, C.J., RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

BURKE, Justice.

Marcus Arnett appeals the superior court's grant of summary judgment in favor of the defendant-appellee, Dr. Alexander Baskous. Arnett's principal claim is that Dr. Baskous breached his duty to keep Arnett's medical records confidential by releasing the records to the District Attorney for use in Arnett's criminal trial. We conclude that Arnett's claim has no merit and affirm the judgment.

## II. *FACTS & PROCEEDINGS*

While serving a fifteen year sentence for sexually abusing his minor daughter, Arnett brought this civil suit seeking damages from Baskous, his physician, for releasing Arnett's confidential medical records to the Anchorage District Attorney for use in Arnett's trial. Arnett asserts that doctors owe a "fiduciary duty" to their patients to keep medical records confidential and that Baskous breached this duty by delivering the files to the district attorney.

Baskous moved for summary judgment arguing, among other things, that he was justified in releasing the files because he was acting pursuant to a valid court order. Arnett opposed the summary judgment mo-

tion. He also requested that the trial court allow a fellow prisoner to appear for Arnett as lay counsel. The trial judge denied Arnett's lay counsel motion without stating his reasons for the denial.

A hearing was held on the summary judgment motion in May 1992. Baskous argued that, even accepting all of Arnett's statements as true, a physician should not be held civilly liable for releasing medical records to a district attorney for use in a criminal trial, particularly when the records are ordered released by a valid court order. Baskous highlighted the court's power to compel compliance with its order. He also pointed out that absolute immunity from civil liability is generally provided to a witness' testimony, an analogous situation according to Baskous.

■■■ In his briefing and at oral argument, Arnett argued that the subpoena should not shield Baskous from liability for the disclosure because the subpoena directed the doctor to bring the files to court on December 5, 1989 and the doctor actually released the files directly to the Anchorage District Attorney on December 4, 1989.[1] Arnett claimed that by giving the files directly to the District Attorney one day before they were ordered to be handed over to the court, Baskous violated the subpoena and deprived Arnett of a chance to inspect the records or argue against their admission at trial.

After listening to the argument, the trial judge stated that he found no material issues of fact based on the affidavits before him. He also indicated that he would grant Baskous' summary judgment motion because he found that the doctor had re-

leased the files in response to a valid subpoena duces tecum. The judge gave Arnett 20 days to file additional affidavits supporting his opposition to the summary judgment motion. Although Arnett filed additional affidavits and documents, they did not raise any material issues of fact which would tend to expose Baskous to civil liability. Accordingly, the superior court entered a final judgment against Arnett in July 1992.

Arnett appeals claiming that the superior court erred in granting summary judgment and abused its discretion in denying the motion for lay counsel representation.

## II. DISCUSSION

### A. The Liability Issue [2]

■■■ In essence, Arnett argues that a doctor should be held liable for damages if he or she reveals confidences without strictly complying with the precise terms of a subpoena duces tecum. Although we agree that the orders contained in a subpoena should be strictly followed and that record custodians act at their peril if they fail to do so, we find no basis for imposing civil liability under the facts alleged by Arnett.

It would be completely unreasonable to subject a doctor to civil liability for a breach of patient confidence when the doctor releases medical records to, and at the direction of, the District Attorney acting pursuant to a valid court order. Such a duty would be onerous in the extreme and would undoubtedly create costly and unnecessary delays in discovery and prosecutions as doctors delayed in complying with valid

---

1. On appeal, Arnett argues that the files were handed over to a messenger ("a complete stranger") and that the doctor should have at least called to verify that the person who showed up to collect the files was actually from the district attorney's office. Baskous properly objects to this new contention because it was never raised in the briefing or at oral argument before the trial court. We will not consider new arguments on appeal which were neither raised below nor included in the points on appeal unless the new issues either establish plain error or 1) do not depend on new or controverted facts; 2) are closely related to the appellant's

arguments at trial; and 3) could have been gleaned from the pleadings. *O'Callaghan v. State,* 826 P.2d 1132, 1133 n. 1 (Alaska 1992). Arnett's new argument does not meet this standard and therefore will not be considered by this court.

2. In reviewing an award of summary judgment, we independently determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Drake v. Hosley,* 713 P.2d 1203, 1205 (Alaska 1986).

court orders out of fear that they might incur civil liability.

Although no Alaska case is on point, our holdings in several cases all militate against the rule of law proposed by Arnett. *See Thompson v. Anderson,* 824 P.2d 712, 715 (Alaska 1992) (holding that a bailee is not liable for conversion when it releases property to the authorities upon the command of law enforcement officers); *Langdon v. Champion,* 745 P.2d 1371, 1373 (Alaska 1987) (holding that the physician of a plaintiff who files a personal injury action may engage in informal, ex parte communication with defense counsel); and *Fairbanks Publishing Co. v. Francisco,* 390 P.2d 784, 793 (Alaska 1964) (recognizing witness immunity from defamation claims and noting the public policy favoring the doctrine).[3]

Furthermore, Arnett has not explained how the release of the documents prejudiced his criminal case in any way. The District Attorney obtained the subpoena and would have received the files if the doctor had brought them to the court as directed on December 5th. Having the files one day sooner could be of no great benefit to the prosecution or serious detriment to Arnett's defense. Arnett demonstrates a complete misunderstanding of the law when he claims that he "would have had an opportunity to argue the admissibility of the records before the court" if the doctor had produced the record in court as directed by the subpoena.[4]

We affirm the grant of summary judgment to Dr. Baskous. Nonetheless, we also wish to take this opportunity to caution the prosecutors against seeking the release of confidential documents in a manner which violates the strict terms of a subpoena.

## B. *The Lay Counsel Motion*

 Arnett also contends that the trial court erred in denying his motion for the assistance of lay counsel at oral argument. In *Ferguson v. Department of Corrections,* 816 P.2d 134, 140 (Alaska 1991), we held that the superior court had not abused its discretion in refusing to permit a prisoner's lay counsel to address the court because the prisoner had not shown that the ruling prejudiced his case. *See also Skuse v. State,* 714 P.2d 368 (Alaska App.1986) (for a thorough discussion of the propriety of lay representation in a criminal proceeding). In *Ferguson,* we concluded that the prisoner had failed to show that "his case would not have been dismissed if [lay counsel] had been allowed to participate." *Ferguson,* 816 P.2d at 140.

Given the weakness of Arnett's legal theory and the fact that his lay representative actually wrote all the pleadings and the briefing in this case, we conclude that Arnett has not shown that the denial of his lay counsel motion prejudiced his case. It is highly unlikely that even the best oral advocate could have obtained a favorable result for Arnett. We therefore hold that the superior court did not abuse its discretion in denying the motion for lay counsel representation.

AFFIRMED.

---

3. Baskous also cites four cases from other jurisdictions which have refused to recognize a claim for breach of patient confidentiality when a physician or psychotherapist reveals confidential medical information relating to a patient in the context of a judicial proceeding. *See Inabnit v. Berkson,* 199 Cal.App.3d 1230, 245 Cal. Rptr. 525 (1988); *Boyd v. Wynn,* 286 Ky. 173, 150 S.W.2d 648 (1941); *Moses v. McWilliams,* 379 Pa.Super. 150, 549 A.2d 950 (1988); *Clark v. Grigson,* 579 S.W.2d 263 (Tex.Civ.App.1979). In one cited case, the court recognized such an action but only because the doctor had unneces-

sarily revealed a patient's HIV status in direct violation of a state statute. *Doe v. Roe,* 155 Misc.2d 392, 588 N.Y.S.2d 236 (1992).

4. Obviously, Arnett's defense attorney was not deprived of an opportunity to argue against the admissibility of the medical records simply because they were delivered directly to the District Attorney. The reason the records were admissible in Arnett's criminal trial is because, under Alaska Evidence Rule 504(d)(7), physician-patient communications are not privileged in criminal proceedings.