Jean COX and Perry L. Poe, Appellants,

v.

Phillip G. WAGNER and Laura
S. Wagner, Appellees.

No. 94–SC–854–DG.

Supreme Court of Kentucky.

Oct. 19, 1995.

Edward J. Rudd, Brooksville, for Appellants.

Mott V. Plummer, Newport, for Appellees.

REYNOLDS, Justice.

A dispute concerning an agricultural tobacco base provides the issue in this appeal.

On October 5, 1990, appellant, Jean Cox, conveyed a 30–acre tract and a seven-acre tract to appellant, Perry L. Poe, for a consideration of $16,000 and with an oral understanding that the tobacco base would be retained by the vendor.

On September 11, 1990, the appellees, Phillip and Laura Wagner, executed a contract of sale with Poe concerning the 30–acre tract for the sum of $20,000, which instrument provided among the terms that no tobacco base was involved. The deed between the parties was executed October 9, 1990.

Subsequently, the Bracken County ASCS office was advised of the real estate transaction and in February 1992, the appellees requested of the ASCS office that the Cox tobacco base be reconstituted. The Wagners, through USDA administrative processes, were awarded a 1,749 pound tobacco base (being 50 percent of the Cox tobacco base). This litigation was commenced in Bracken Circuit Court and subsequently dismissed for lack of jurisdiction. An opinion by a divided Court of Appeals affirmed the Bracken Circuit Court judgment.

Appellees urge that we follow the reasoning of the trial court which provided that the federal statute/regulations explicitly provide that market quotas are to be transferred only in such manner and subject to the conditions as the Secretary of Agriculture may prescribe by the regulations. This is certainly a correct statement of the law. *See Hart v. Hassell,* E.D.N.C., 250 F.Supp. 893 (1966). However, the issues on appeal simply go further than whether parties can privately contract to sell farm land but retain the tobacco poundage.

As alleged, this is an action for damages representative of the fair market value of appellants' tobacco poundage which occurred from a mistake of fact involving a sale of realty and a nonsale of personalty. Appellants further alleged fraud in the inducement

or a mutual mistake and, as a result, appellees obtained the benefit of an increment (tobacco poundage) with a value or enrichment of no less than $5,247.00.

A mistake of fact arose upon a determination that a portion of appellants' tobacco poundage was allotted to the 25–30 acre tract of land. By reason of a mistake of fact, a contract may be rescinded. *Murphy v. Torstrick*, Ky., 309 S.W.2d 767 (1958); *Bar–Del, Inc. v. Oz, Inc.*, Ky.App., 850 S.W.2d 855 (1993).

Appellants maintain that the value of the tobacco poundage was not included or determined to comprise any portion of the sale price. Said otherwise, this was a "bare realty" sale.

Where part of a contract is void, the whole contract will not be set aside unless good and bad parts cannot be separated without altering its purpose. *Farmers' Bank of White Plains v. Bass*, 218 Ky. 813, 292 S.W. 489 (1927).

Relief from a mistake of this sort is an equitable matter and the appellees have cited no case which denies restitution in a case similar to the one now before the Court. Appellant Cox lost and was deprived of more than for which she had agreed and it is evident that the purchase price would have been materially different had it been known at the time of the transaction that the existent tobacco poundage would be lost to her. *See Bradshaw v. Kinnaird*, Ky., 319 S.W.2d 475 (1958).

We find the Court of Appeals' dissent to be persuasive:

> No federal statute I am aware of deprives a state court of jurisdiction to determine whether a contract for the sale of real estate should be rescinded because of the mistake of the parties as to the possibility of performance of an essential element of the contract. I believe the same to be true with respect to the appellant's claim for damages due to fraud.

The Agricultural Stabilization and Conservation Service decision which reconstituted the tract's tobacco allotment is a factual determination. State law is preempted to the extent that it cannot be attacked on appeal except as federal law permits and by utilizing the sole methods set forth in the federal regulations. Preemption does not arise under the facts of this case, and to the extent appellants can prove mutual mistake, fraud, and unjust enrichment, they are entitled to money damages.

The opinion of the Court of Appeals is reversed and this case is remanded to Bracken Circuit Court for trial consistent with the holdings of this opinion.

All concur.