James J. WALLER, Appellant,

v.

Robert STALNAKER, Administrator of the Public Employees' Retirement System, et al., Appellees.

No. S–6466.

Supreme Court of Alaska.

May 10, 1996.

---

**638**

James J. Waller, pro se, Tacoma, Washington.

John B. Gaguine, Assistant Attorney General, and Bruce M. Botelho, Attorney General, Juneau, for Appellees.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and SHORTELL, J. Pro Tem.*

*OPINION*

COMPTON, Chief Justice.

## I. *INTRODUCTION*

James Waller appeals the superior court's affirmance of the decision of the Public Employees' Retirement Board (Board) denying his claim for occupational disability benefits. The superior court held that Waller was ineligible for occupational disability benefits because he had requested and received a refund of his Public Employees' Retirement System (PERS) contribution account. We affirm.

## II. *FACTS AND PROCEEDINGS*

James Waller worked as the chief investigator for the Anchorage office of the Alaska Public Defender Agency (PDA) from May 1984 until September 15, 1987, when his employment was terminated. According to his supervisor, Waller was no longer able to function in his position due to "mental stress" and "burnout." On the day before his termination, Waller signed a form requesting a refund of his PERS contribution account. The following preprinted statement appears on the form:

> REFUND: I understand that application for a refund of my PERS contribution account will result in the forfeiture of my PERS service. I also understand that if I become reemployed under the PERS my prior refunded PERS service may be reinstated only by repaying the full amount refunded plus accrued interest from the date of the refund to the date of repayment Caution: Refunded service is not reinstated until the entire refund amount, including interest that has accrued, is completely paid. Refunded service may not be used to satisfy vesting or retirement eligibility requirements unless it is reinstated.

Although Waller does not deny signing the form, he asserts the PDA's administrative assistant completed it.

Waller applied to the Division of Retirement and Benefits (Division) for occupational

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

disability benefits on September 22, 1987. He claimed he was disabled due to "stress and ulcers," and that the cause of his disability was "work-related stress." On October 6, Waller was notified by the Division that it needed further information, including a statement from his physician, to process his disability claim.

Waller received his PERS refund check on October 7, and cashed it in December 1987.

Waller did not submit all of the documentation requested by the Division until December 1988. Shortly thereafter, the PERS Administrator denied Waller's claim, stating in part:

> During a review of the documentation you recently submitted in support of your application for occupation disability benefits, it came to our attention that you have received a refund of your PERS contribution account. Consequently, you are not a member of the system and therefore do not meet the criteria to apply for occupational disability benefits.

Waller appealed the Administrator's decision to the Board. In Decision 89–7, the Board upheld the Administrator's denial of Waller's claim. It found that "there is sufficient dispute as to Mr. Waller's eligibility to apply for occupational disability benefits, and as such, the Board deems it appropriate to consider the substantive issue of Mr. Waller's medical eligibility for occupational disability." The Board concluded that Waller was not eligible for occupational disability benefits "because it has not been demonstrated that he is suffering from an apparently permanent condition caused by work-related circumstances."

Waller appealed Decision 89–7 to the superior court, but before the matter was heard the parties agreed to a dismissal of the appeal and a remand to the Administrator. Waller thereafter submitted additional medical evidence to the Administrator. The Administrator again denied Waller's claim, this time on the substantive ground that Waller's medical condition was not caused by an occupational injury.

Waller appealed to the Board. In Decision 93–3, the Board noted the jurisdictional problem of Waller applying for disability benefits after he had received his PERS refund, but felt bound to reach the substantive issue of medical entitlement to benefits:

> Because the Board arguably did not definitively assess jurisdictional and eligibility considerations in Decision 89–7, because of the existence of an appeal to the superior court, and the existence of a stipulation remanding issues brought to the superior court which did not specify whether only medical issues or eligibility issues as well would be considered on remand, the Board is compelled to rule on the medical bases presented by Mr. Waller to determine entitlement to occupational disability benefits....
>
> If the Board were addressing Mr. Waller's appeal for the first time, and to the extent the Board might be compelled to assess the eligibility and jurisdictional issues of Mr. Waller's appeal, the Board finds that because Mr. Waller is not an 'employee,' he is not eligible to apply for occupational disability benefits and the Board has no jurisdiction to hear an appeal respecting benefits relating to him.

The Board concluded that Waller was not suffering from an occupational disability, and denied his claim.

Waller appealed Decision 93–3 to the superior court. The superior court held that Waller was not eligible for occupational disability benefits because he had requested and received a PERS refund. Waller appeals.

### III. *DISCUSSION* [1]

 The superior court correctly analyzed the eligibility issue. Only "employees" are eligible for occupational disability benefits under PERS. AS 39.35.410(a). "Former

---

1. When the superior court acts as an intermediate appellate court, we review the merits of the underlying administrative decision giving no deference to the superior court's determination. *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987). Whether Wal-

ler is eligible to apply for occupational disability benefits is a question of law involving no agency expertise; we therefore apply the "substitution of judgment" standard of review to this question. *See Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992).

members" of PERS are not considered "employees." AS 39.35.680(21)(C)(i). Alaska Statute 39.35.680(19) defines "former member" to include any employee who "has received a total refund of the balance of the employee contribution account, or who has requested in writing a refund of the balance in the employee contribution account." It follows from this statutory scheme that when Waller requested a refund of his PERS contribution account, he became a "former member" of PERS, and was therefore ineligible for occupational disability benefits.

■ To avoid this result, Waller first argues that the superior court was bound by *res judicata* and the "law of the case" to find that he was eligible to apply for benefits. He asserts that the Board found him eligible to apply for disability benefits in Decision 89–7, and that the decision he is now appealing, Decision 93–3, did not alter that conclusion. This argument is factually flawed because the Board did not hold in Decision 89–7 that Waller was eligible to apply for disability benefits. Rather, it reserved judgment on the issue, concluding that since there was "sufficient dispute as to Mr. Waller's eligibility to apply for occupational benefits," it would address the substantive issue of Waller's medical eligibility.

■ Waller alternatively argues that he was an "employee" when he applied for disability benefits because he had not yet received or cashed his PERS refund check. Waller became a "former member" of PERS, and therefore ineligible to apply for disability benefits, when he requested a refund, not when the refund was actually received or cashed. *See* AS 39.35.680(21)(C)(i). Even if Waller was an "employee" when he applied for disability benefits, his eligibility to receive such benefits would cease as soon as he cashed his refund check. *See Newlun v. Dep't of Retirement Systems*, 53 Wash.App. 809, 770 P.2d 1071, 1079 (1989) (a retirement system "cannot operate if it is subject to claims by persons who have withdrawn their monies from use by the system.").

Waller argues that the Administrator denied him due process by delaying a decision on his claim until after the statute of limitations had run on "all other causes of action

[he] might otherwise have had available." This argument was not raised below and is therefore waived. *See Arnett v. Baskous*, 856 P.2d 790, 791 n. 1 (Alaska 1993).

IV. *CONCLUSION*

The superior court's judgment is AFFIRMED.